Armando **CORDOBA**,
Petitioner–Appellant,

v.

Michael **HANRAHAN**,
Respondent–Appellee.

No. 89–2211.

United States Court of Appeals,
Tenth Circuit.

Aug. 2, 1990.

**692**

Teresa E. Storch, Asst. Federal Public Defender, Albuquerque, N.M., for petitioner-appellant.

Hal Stratton, Atty. Gen., and Elizabeth Major, Asst. Atty. Gen., Santa Fe, N.M., for respondent-appellee.

Before McKAY, MOORE and BRORBY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Armando Cordoba appeals the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that the district court erred in finding that his conviction did not violate the Fifth and Fourteenth Amendments to the United States Constitution. We find no error in the district court's ruling and affirm.

In the predawn hours of an August morning, Officer Melvin of the Albuquerque Police Department, an officer with special training in the detection and apprehension of intoxicated motorists, arrived at the scene of an automobile accident at a deserted intersection in the City of Albuquerque. There Officer Melvin found Mr. Cordoba with an injured ankle, leaning against a damaged automobile. Officer Melvin initiated his investigation of the accident by asking Mr. Cordoba what had occurred. Mr. Cordoba responded that he had been drinking and driving. While conversing with Mr. Cordoba, Officer Melvin smelled alcohol on Mr. Cordoba's breath and noticed that his eyes were bloodshot and his speech slurred. Inside the car on which Mr. Cordoba was leaning, Officer Melvin saw several full and empty beer bottles. He also observed a half-full bottle of beer on the console between the two front seats and a cooler behind the driver's seat.

Within minutes of Officer Melvin's arrival on the scene, an emergency rescue unit arrived to take Mr. Cordoba to the hospital. Officer Melvin placed Mr. Cordoba under arrest while he was in the rescue unit. Officer Melvin then arranged for a blood technician to meet Mr. Cordoba at the hospital to administer a blood alcohol test. At the hospital, Mr. Cordoba refused to submit to the test. Officer Melvin subsequently filed a complaint against Mr. Cordoba, charging him with driving while intoxicated, driving on the wrong side of a divided

street, and driving with an open container of alcohol.

Before trial, Mr. Cordoba moved to suppress both his statement to Officer Melvin that he had been drinking and driving and his refusal to submit to a blood alcohol test. At a bench trial, the court heard the evidence supporting the motion to suppress simultaneously with the evidence on the merits. The court denied the motion, found Mr. Cordoba guilty of driving while intoxicated, and sentenced him to thirty days in prison. After exhausting all avenues of appeal, Mr. Cordoba filed a petition for a writ of habeas corpus. The district court dismissed the petition. From this order, Mr. Cordoba now appeals.

■■■ *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), requires law enforcement officers to advise a defendant of his right against self-incrimination before initiating a custodial interrogation. Any statement taken during a custodial interrogation in violation of the *Miranda* rule cannot be admitted at trial to establish the defendant's guilt. *Berkemer v. McCarty,* 468 U.S. 420, 429, 104 S.Ct. 3138, 3144–45, 82 L.Ed.2d 317 (1984). A suspect is in custody and entitled to receive the *Miranda* warning if a reasonable person in the suspect's position would consider his freedom of action to be curtailed to a " 'degree associated with formal arrest.' " *Id.* 468 U.S. at 440, 442, 104 S.Ct. at 3150, 3151· (quoting *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983) (per curiam)).

■■■ Mr. Cordoba contends that the trial court's failure to suppress his statement that he had been drinking and driving violated his Fifth Amendment right against self-incrimination because he made the statement during a custodial interrogation without having been given the *Miranda* warning. The district court rejected this argument. We conduct a *de novo* review of the district court's ruling. *Monk v. Zelez,* 901 F.2d 885, 888 (10th Cir.1990). We review for clear error the trial court's determination that Mr. Cordoba was not in custody for purposes of *Miranda* when he admitted that he had been drinking and

driving. *See United States v. Chalan,* 812 F.2d 1302, 1307 (10th Cir.1987), *cert. denied,* 488 U.S. 983, 109 S.Ct. 534, 102 L.Ed.2d 565 (1988).

Mr. Cordoba contends that the district court erred because he admitted to drinking and driving after Officer Melvin had arrested him. This contention is meritless. The record indicates that Mr. Cordoba made his admission when Officer Melvin arrived at the accident scene and before the arrest.

■■■ Mr. Cordoba further contends that even if he was not under arrest when he made the statement, he was, nonetheless, in custody because he reasonably believed that he was not free to leave. He supports this contention by citing Officer Melvin's testimony that Mr. Cordoba was not free to leave the scene of the accident until the officer had completed his investigation. Mr. Cordoba's argument is not convincing. A police officer's "unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time." *Berkemer,* 468 U.S. at 442, 104 S.Ct. at 3151–52. Routine traffic stops for roadside questioning, moreover, do not sufficiently impair a person's free exercise of the privilege against self-incrimination to warrant a *Miranda* warning. *Id.* at 440, 86 S.Ct. at 1609–10. During a routine traffic stop, as during a *"Terry* stop", a police officer may "ask [a] detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicion." *Id.* at 439, 86 S.Ct. at 1609. *See also Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

■■■ Mr. Cordoba contends, nevertheless, that Officer Melvin was required to give the *Miranda* warning because an investigation of an automobile accident is more coercive than a routine traffic stop. We disagree. Like a routine traffic stop, the investigation of an automobile accident is analogous to the investigative detention sanctioned in *Terry* because an automobile accident is sufficient to support a police officer's reasonable suspicion that a traffic

violation has occurred. An officer arriving at the scene of an accident, therefore, may ask a person apparently involved in the accident a moderate number of questions to determine whether he should be issued a traffic citation, whether there is probable cause to arrest him, or whether he should be free to leave after the necessary documentation has been exchanged.

In this case, Officer Melvin's investigation fell squarely within the limits set by *Terry* and *Berkemer*. Upon his arrival at the accident scene, Officer Melvin inquired into the circumstances of the accident. In response, Mr. Cordoba admitted that he had been drinking and driving. This admission coupled with Mr. Cordoba's physical condition and the litter of beer bottles in his car were sufficient to support a determination that probable cause existed to arrest Mr. Cordoba for driving while intoxicated. Only after his arrest was Mr. Cordoba entitled to receive the *Miranda* warning. Since Mr. Cordoba admitted to drinking and driving before his arrest, the trial court did not err in admitting his statement.

■ Mr. Cordoba next contends that his petition for habeas corpus should be granted because the determination of the courts of the State of New Mexico that his refusal to submit to a blood alcohol test was admissible to establish his guilt does not comport with due process of law. New Mexico law authorizes "[o]nly a physician, licensed professional or practical nurse or laboratory technician or technologist employed by a hospital or physician [to] withdraw blood from any person in the performance of a blood alcohol test." N.M.Stat.Ann. § 66-8-103 (1987). Mr. Cordoba argues that since the person whom Officer Melvin requested to administer the blood alcohol test was not authorized to do so under New Mexico law, Mr. Cordoba's refusal to submit to the test was justified and, therefore, inadmissible to establish his guilt.

We need not address this argument because even if it is correct, the trial court's admission of Mr. Cordoba's refusal to submit to the test was harmless beyond a reasonable doubt. *Delaware v. Van Ars-*

*dall,* 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986) ("[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt."). The other evidence adduced at trial overwhelmingly supports Mr. Cordoba's conviction for driving while intoxicated. Mr. Cordoba admitted that he had been drinking and driving; his breath smelled of alcohol; his speech was slurred; his eyes were bloodshot; there were open containers of beer in his car; he had been driving down the wrong side of the road; and he had been involved in an accident. Since Mr. Cordoba's refusal to submit to a blood alcohol test was not necessary to support his conviction, any error by the trial court in admitting this evidence was harmless.

■ Mr. Cordoba finally contends that his conviction violates the Fourteenth Amendment because the evidence was insufficient to support it. In a habeas corpus proceeding, we review a challenge to the sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). Mr. Cordoba contends that the evidence does not meet this standard because the prosecution did not corroborate his admission that he had been drinking and driving as *Opper v. United States,* 348 U.S. 84, 90, 75 S.Ct. 158, 162-63, 99 L.Ed. 101 (1954), requires.

We find sufficient evidence to corroborate Mr. Cordoba's admission. Mr. Cordoba admitted that he had been drinking and driving soon after Officer Melvin discovered him with an injured ankle, leaning on a damaged car, at the scene of an accident, at a deserted intersection. There was, moreover, ample evidence that Mr. Cordoba was intoxicated. Since we find sufficient evidence to corroborate Mr. Cordoba's admission, we AFFIRM the district court's

dismissal of his petition for a writ of habeas corpus.