948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stephen Lloyd CHRONISTER, Petitioner-Appellant,
v.
Ron CHAMPION, Respondent-Appellee.
 No. 91-5109.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Stephen Lloyd Chronister appeals, pro se, from the judgment of the district court denying his petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The only issue before us is whether the district court properly held valid petitioner's state conviction in light of his claim that the guilty verdict was based on insufficient evidence and perjured testimony. We affirm.
 
 
 2
 Petitioner was convicted of knowingly concealing stolen property after former conviction of a felony and sentenced to thirty-five years in the custody of the Oklahoma Department of Corrections. The offense consisted of selling six hundred twenty-four pounds of stolen aluminum ingots for which he received $174.72. The district court reviewed the state court record and concluded the evidence was sufficient, under state law, to support the verdict. Although petitioner contended the circumstantial evidence upon which the verdict rested was "false," the district court reexamined the record in light of that claim and determined to the contrary. On specific review of the testimony, the court concluded the statements petitioner alleged were "false" were "minor discrepanc[ies] in the testimony [which] did not constitute perjury, and even if the testimony is disregarded by the court, there is sufficient evidence ... from which the jury could reasonably and logically find guilt."
 
 
 3
 On appeal, petitioner argues witnesses testified falsely, but the substance of his argument is with the credibility of testimony and its weight. Although petitioner takes issue with the substance of what certain witnesses said, he fails to demonstrate any of that testimony was false. The argument he makes is one for a jury and not the appellate court, for the jury is the only judge of the credibility of witnesses and the weight of their testimony.
 
 
 4
 More importantly, however, is the limited jurisdiction of federal courts to judge claims of this nature. Because we are confined to determining whether a petitioner's imprisonment violates federal law or the federal constitution, we merely review the state record to determine whether, when viewed in the light most favorable to the prosecution, the evidence is sufficient to permit a rational jury to have found the petitioner guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); Cordoba v. Hanrahan, 910 F.2d 691, 694 (10th Cir.), cert. denied, 111 S.Ct. 585 (1990). Even though the evidence was circumstantial, and even though not one witness unequivocally stated the ingots sold by the petitioner were those precise ingots stolen from the victim of the theft, we agree with the district court that the evidence is more than sufficient to have permitted the jury to find petitioner guilty beyond a reasonable doubt.
 
 
 5
 Affirmed.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3