Randy YOUNG, Petitioner,

v.

Louis E. BRUCE, et al., Respondents.

No. 92–3156–DES.

United States District Court,
D. Kansas.

Feb. 5, 1993.

Randy Young, pro se.

John K. Bork, Office of the Atty. Gen., Topeka, KS, for respondents.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter comes before the court on petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Hutchinson Correctional Facility, Hutchinson, Kansas, was convicted in 1989, of one count of burglary and one count of theft. Petitioner was sentenced to a controlling term of six to twenty years. In this action, petitioner challenges his conviction and claims: (1) evidence used against him at trial was wrongfully seized; and (2) the state court improperly denied his motions for dismissal and judgment of acquittal.

Having reviewed the record, the court makes the following findings and order.

*Procedural and Factual Background*

On May 24, 1989, petitioner was found guilty of burglary and theft of tools from a business in Garden City, Kansas. Petitioner appealed his conviction to the Kansas Court of Appeals. That court affirmed and the Kansas Supreme Court denied petition for review.

Petitioner filed a petition for writ of habeas corpus in this court which was dismissed without prejudice in December, 1991. Petitioner filed a post-conviction motion pursuant to K.S.A. 60–1507 in Finney County, Kansas. That court denied the motion and petitioner failed to properly perfect his appeal. Petitioner commenced this action on April 20, 1992, raising the same issues he raised in his direct appeal to the Kansas Court of Appeals.

*Discussion*

■ Petitioner first claims the evidence seized from his residence was wrongfully used against him at trial. The trial court conducted a suppression hearing and found that the police officers were lawfully on petitioner's property and properly seized the evidence. The court denied petitioner's motion to dismiss.

This court need not belabor its discussion or decision in the area since *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976), is dispositive of this issue. There the Court stated that where the State had provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. *Id.*

In *Miranda v. Cooper,* 967 F.2d 392, 400–01, *cert. denied* —— U.S. ——, 113 S.Ct. 347, 121 L.Ed.2d 262 (1992), our Tenth Circuit Court of Appeals reiterated that a federal habeas corpus court will not address a Fourth Amendment question as long as the state court has given petitioner a full and fair opportunity for a hearing on the issue. Petitioner was given such an opportunity.

■ Petitioner's second claim is that the trial court improperly denied his motions for dismissal and judgment of acquittal. The gist of petitioner's argument is that there was insufficient evidence on which to convict him.

■ In federal habeas corpus proceedings, a challenge to the sufficiency of the evidence requires a court to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Cordoba v. Hanrahan,* 910 F.2d 691 (10th Cir.), *cert. denied,* 498 U.S. 1014, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990).

Here the co-defendant, Philip McCready, testified against petitioner. The jury clearly believed McCready's testimony. This court will not second guess the factfinder who has heard the evidence and observed the witnesses. Petitioner's claim has no merit.

IT IS THEREFORE BY THE COURT ORDERED that the petition for writ of habeas corpus is dismissed and all relief denied.