**Louis Osei COTTON, Petitioner,**

v.

**STATE OF KANSAS, Respondent.**

**No. 92–3227–DES.**

United States District Court,
D. Kansas.

Feb. 24, 1993.

Louis Osei Cotton, pro se.

Jon P. Fleenor, Office of Atty. Gen., Topeka, KS, for respondent.

MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the El Dorado Correctional Facility, El Dorado, Kansas was convicted of first degree murder, aggravated burglary, two counts of aggravated robbery, unlawful possession of a firearm and felony theft. The Kansas Supreme Court affirmed petitioner's convictions on May 25, 1990. 792 P.2d 1076. Petitioner filed a motion, seeking the exhumation of the victim's body. The trial court denied the motion and the Kansas Supreme Court affirmed. In this action, petitioner challenges his conviction and claims there was insuffi-

cient evidence to sustain his conviction for the murder of Ila Osburn.

Having reviewed the entire record in this matter, the court makes the following findings and order.

*Factual Background*

In July 1988, petitioner was involved in a four-day crime spree which resulted in forged checks, aggravated burglary, aggravated robbery, unlawful possession of a firearm and murder. The three victims were individuals for whom petitioner's ex-wife had worked or rendered substantial assistance in helping them meet their activities for daily living.

Ila Osburn was last seen alive on the evening of July 21, 1988.[1] That same night petitioner was driving the victim's car which had fresh blood on the front seat. Petitioner also told Deborah Kelton he had wasted someone. Petitioner had in his possession jewelry belonging to Osburn and her mother. Kelton also testified that she saw a handgun in the car with petitioner. Another witness testified that petitioner told him he got the car by shooting a man and a woman and that he threw their bodies in some tall weeds. This same witness testified that he saw Osburn's driver's license in the car and that petitioner wanted him to get rid of some pillows and stuffed animals that were in the car.

Osburn's badly decomposed body was found in a weed patch on August 3, 1988. The blood in the car was consistent with Osburn's blood type. Although the actual cause of death was never determined, the circumstances surrounding the finding of Osburn's body clearly establishes that she was the victim of a homicide.

*Discussion*

As an initial matter, the court notes the state argued that petitioner had failed to exhaust his state court remedies. Specifically, the state claimed that petitioner had never raised a claim of sufficiency of the evidence before the state courts. This court, by Memorandum and Order filed October 29, 1992, found that the Kansas Supreme Court

had ruled on the sufficiency issue and that the issue was thus exhausted for federal habeas purposes.

In reviewing a sufficiency of the evidence claim, the court determines whether, after viewing the evidence in the light most favorable to the prosecution, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Cordoba v. Hanrahan,* 910 F.2d 691, 695 (10th Cir.), *cert. denied,* 498 U.S. 1014, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990). The findings of the state court are presumed correct and a given a high degree of deference since that court is in the best position to view the credibility of the witnesses and the facts as they are adduced. *Sumner v. Mata,* 455 U.S. 591, 597, 102 S.Ct. 1303, 1306–07, 71 L.Ed.2d 480 (1982). A federal habeas court has no license to redetermine the credibility of witnesses whose demeanor has been observed by the state trial court and not this court. *U.S. ex rel. Wandick v. Chrans,* 869 F.2d 1084, 1089 (7th Cir.1989).

In this case, petitioner was driving the blood-soaked car of Ila Osburn on the same evening she disappeared. He admitted to at least two individuals that he had wasted someone and thrown the bodies of a man and a woman in some weeds. He had in his possession jewelry belonging to the victim and her mother. Petitioner showed other witnesses the car and even asked one individual to get rid of certain items belonging to the victim. This evidence, obviously believed by the jury, strongly linked petitioner to the crime. Petitioner's own testimony just as obviously did not sway the jury. The function of the jury is to weigh the evidence and pass on the credibility of the witnesses. In this case, the jury decided against petitioner.

Viewing the evidence in the light most favorable to the prosecution, the court concludes that a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. Petitioner's claim that there was insufficient evidence to convict him is without merit.

IT IS THEREFORE BY THE COURT ORDERED that the petition for writ of ha-

1. Petitioner's ex-wife had helped Osburn care for Osburn's mother, Edna Johnson.

beas corpus is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this Memorandum and Order to petitioner and respondent.