5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Louis Osei COTTON, Petitioner-Appellant,
v.
STATE OF KANSAS, Respondent-Appellee.
 No. 93-3106.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner was convicted in state court of first degree murder as well as various other felonies. After his convictions were upheld by the Kansas Supreme Court, Petitioner unsuccessfully moved to have the murder victim's body exhumed for further examination into the actual cause of death. Ultimately, Petitioner filed a pro se petition for a writ of habeas corpus challenging the sufficiency of the evidence on his murder conviction. His petition was denied by the United States District Court for the District of Kansas, and this appeal follows.
 
 
 3
 We are mindful that pro se petitions are held to less stringent standards than those drafted by attorneys. See Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.). However, we need not manufacture issues for pro se parties. National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir.). Moreover, issues not raised at the district court level are generally not cognizable on appeal. Farmers Ins. Co. v. Hubbard, 869 F.2d 565 (10th Cir.). In light of these standards and after carefully reviewing the record, we find that the only issue properly presented on appeal is whether sufficient evidence was adduced at trial to support Petitioner's murder conviction.
 
 
 4
 In reviewing a sufficiency of the evidence claim, the court must determine whether, after reviewing the evidence in a light most favorable to the prosecution, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. Cordoba v. Hanrahan, 910 F.2d 691, 694 (10th Cir.). In addition, factual findings of the state court are presumed correct and given a high degree of deference since that court was in the best position to weigh the evidence and make determinations as to the credibility of witnesses. Sumner v. Mata, 455 U.S. 591, 597. See United States ex rel. Wandick v. Chrans, 869 F.2d 1084 (7th Cir.) (federal habeas court cannot redetermine credibility of witnesses if they have been observed in the state trial court).
 
 
 5
 In the light most favorable to the government, the district court recited the following pertinent facts:
 
 
 6
 "In July 1988, petitioner was involved in a four-day crime spree which resulted in forged checks, aggravated burglary, aggravated robbery, unlawful possession of a firearm and murder....
 
 
 7
 "Ila Osburn was last seen alive on the evening of July 21, 1988. That same night petitioner was driving the victim's car which had fresh blood on the front seat. Petitioner also told Deborah Kelton he had wasted someone. Petitioner had in his possession jewelry belonging to Osburn and her mother. Kelton also testified that she saw a handgun in the car with petitioner. Another witness testified that petitioner told him he got the car by shooting a man and a woman and that he threw their bodies in some tall weeds. This same witness testified that he saw Osburn's driver's license in the car and that petitioner wanted him to get rid of some pillows and stuffed animals that were in the car.
 
 
 8
 "Osburn's badly decomposed body was found in a weed patch on August 3, 1988. The blood in the car was consistent with Osburn's blood type. Although the actual cause of death was never determined, the circumstances surrounding the finding of Osburn's body clearly establishes that she was the victim of a homicide."
 
 
 9
 We have no reason to dispute these factual determinations. Consequently, we agree with the district court that based on the evidence presented a rational factfinder could have found the essential elements of the murder charge beyond a reasonable doubt.
 
 
 10
 We note the Petitioner's allegations on appeal concerning the constitutionality of the Kansas murder statute and the application of the Habitual Criminal Act at his sentencing were not raised before the district court and therefore are not properly before this court on appeal.
 
 
 11
 Accordingly, the district court's decision denying the petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3