65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Walter KNIGHT, aka Simba Sundiata, Defendant-Appellant.
 No. 94-1488.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 KELLY, Circuit Judge.
 
 
 1
 Defendant-appellant Walter Knight appeals his conviction for possession of a firearm by a convicted felon, 18 U.S.C. 922(g)(1), on numerous grounds. We exercise jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 2
 Mr. Knight was pulled over after police observed him driving in an erratic manner. After having arrested Mr. Knight for driving while intoxicated, and while securing the car, an officer discovered a gun under the front seat. Without advising Mr. Knight of his Miranda rights, the police questioned him regarding the gun. Mr. Knight made several incriminatory statements.
 
 
 3
 Mr. Knight first contends that the district court erred in finding that statements he made to police prior to being given a Miranda warning were voluntary, and thus admissible for impeachment purposes. We disagree.
 
 
 4
 While it is true that voluntary statements taken in violation of Miranda must be excluded from the prosecution's case in chief, these statements nevertheless may be used for impeachment purposes. Oregon v. Elstad, 470 U.S. 298, 307 (1985). "[T]he primary criterion of admissibility [of such statements remains] the old' due process voluntariness test." Id. at 307-08. In this situation, voluntariness is determined by the totality of the circumstances, with the proper test being "whether the person's will was overcome, or whether the statement was freely made." United States v. Muniz, 1 F.3d 1018, 1022 (10th Cir.), cert. denied, 114 S.Ct. 575 (1993). Reviewing the district court's findings of fact in this regard for clear error, see Cordoba v. Hanrahan, 910 F.2d 691, 693 (10th Cir.), cert. denied, 498 U.S. 1014 (1990), and the ultimate issue of voluntariness de novo, Muniz, 1 F.3d at 1021, we agree that Mr. Knight's statements were in fact voluntary, and thus admissible for impeachment purposes.
 
 
 5
 Mr. Knight next contends that the district court erred by failing to instruct the jury pursuant to 18 U.S.C. 3501(a). Because Mr. Knight never sought such instruction, we review his claim only for plain error. See United States v. March, 999 F.2d 456, 462 (10th Cir.), cert. denied, 114 S.Ct. 483 (1993). Contrary to Mr. Knight's assertion, the district court did indeed instruct the jury in conformity with 3501, see 15 R. at 74-75, and so, needless to say, the district court did not commit any error.
 
 
 6
 Mr. Knight lastly alleges that the district court erred by failing to admit expert testimony in the wake of the prosecution's impeachment of the Defendant on cross-examination. Mr. Knight argues that this testimony should have been admitted for rehabilitory purposes--specifically to show that his own inconsistent testimony was the product of short-term memory loss due to alcohol intoxication, and not of an unsuccessful attempt to lie.
 
 
 7
 Reviewing the decision to exclude expert testimony for abuse of discretion, United States v. McDonald, 933 F.2d 1519, 1522 (10th Cir.), cert. denied, 502 U.S. 897 (1991), we hold that this exclusion was entirely proper, for we do not find that "the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." United States v. Rangel-Arreola, 991 F.2d 1519, 1523 (10th Cir.1993). From the record, it appears that the expert testimony actually was proffered for two separate purposes, neither of which was valid. First, as an attempt to negate Mr. Knight's mens rea, the expert testimony was irrelevant, since voluntary intoxication is not a defense to a general intent crime such as 18 U.S.C. 922(g)(1). See United States v. Klein, 13 F.3d 1182, 1183 (8th Cir.), cert. denied, 114 S.Ct. 2722 (1994). Second, this expert testimony would have shown only that people have trouble accurately remembering events when they are under the influence of alcohol. Such testimony regarding the immediate effects of alcohol hardly helps explain the inconsistencies, brought out by the prosecution during cross-examination, between Mr. Knight's testimony at trial and his testimony at the motions hearing.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument