**UNITED STATES of America, Plaintiff,**

v.

**Edmond FLYNN, d/b/a Red Mountain Outfitters, Defendant.**

**No. 95–1150M.**

United States District Court, D. Colorado.

Oct. 5, 1995.

A. Gary Begun, Special Assistant United States Attorney, Fort Carson, CO, for Plaintiff.

Shaun Kaufman, Colorado Springs, CO, for Defendant.

### MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER is before the Court on the motion to suppress statements and evidence filed by Defendant Edmond Flynn (Defendant). The Court heard testimony from wit-

nesses in Colorado Springs, Colorado, and the hearing on the motion concluded on September 15, 1995. The Court heard argument from counsel and then took the motion under advisement.

## I.

Defendant is a professional outfitter and guide. His place of business is located in Alamosa, Colorado, and he apparently does most of his work in the San Luis Valley.

The testimony presented at the hearing on the motion indicated the following. On or about October 23, 1994, John Rauch, a officer with the Colorado Department of Wildlife (DOW), received a report from his central dispatch office. An anonymous caller had contacted the DOW and indicated that Defendant had been improperly hunting on land administered by the Bureau of Land Management (BLM) or other government agency. Officer Rauch told his central dispatch office that he would look into it, as he had known Defendant for years.

Officer Rauch then proceeded to an area near Alamosa, Colorado which was supposedly the site of the illegal hunting. Officer Rauch found some tracks indicating the presence of vehicles and horses. Officer Rauch then drove to an area known as Alamosa Pass and Canyon.

Officer Rauch found a campsite that he believed was owned by Defendant. He stopped his vehicle and proceeded into the camp area. He was met by Defendant's wife, whom he also had known for years. Officer Rauch indicated that he had a lengthy talk with Defendant's wife. Officer Rauch also indicated that he had been invited previously by Defendant to drop by any time at a campsite. The campsite visited by Officer Rauch was on private property.

Defendant then came to the location where Officer Rauch was standing. They exchanged pleasantries, and then Officer Rauch asked Defendant if he had hunted without a permit on government land. Defendant indicated that he thought he was properly on private property or, at the very worst, on property administered by the United States Forest Service. Defendant told Officer Rauch that he never believed that he was on BLM property.

Officer Rauch and Defendant looked at a map. Defendant did advise Officer Rauch that he did not have a BLM permit. Defendant acknowledged that an animal had been killed by a client. The following day, Officer Rauch relayed all information that he had to the local BLM office. Ranger Jack Hagen of BLM returned the call and obtained information from Officer Rauch.

On cross-examination, Officer Rauch testified that the campsite was surrounded by a fence. He further testified that he had not been specifically invited in on that date, but that he never specifically asks permission to enter private land when he is conducting an investigation.

Officer Rauch further testified that he observed no hunting taking place when he visited the campsite. He testified that he never gave Defendant his *Miranda* rights at any time. Officer Rauch indicated that Defendant was never under arrest.

Ranger William Dailey testified that he has the responsibility of administering permits for BLM property. Ranger Dailey testified that an outfitter is responsible for the actions of his clients, including any trespass onto government property. He testified that Defendant came to his office on October 25, 1994 and indicated that he may have crossed into BLM land. Defendant wanted to obtain a permit, but was advised that it was too late. Defendant was not advised of his *Miranda* rights, and Ranger Dailey testified that he is not a law enforcement officer.

Ranger Christopher Ortiz testified that he is a law enforcement officer for the United States Forest Service (USFS). He testified that he was aware that an illegal entry may have occurred onto BLM land. Ranger Ortiz indicated that he went to visit Defendant on October 25, 1994 at his campsite. Ranger Ortiz arrived at the campsite and entered in his patrol vehicle. Ranger Hagen arrived shortly thereafter. Defendant came out from his campsite and began talking with both officers. Ranger Ortiz introduced Ranger Hagen to Defendant, as Hagen had not previously met Defendant. Ranger Ortiz

indicated that he went to interview the a client, while Ranger Hagen stayed with Defendant. Ranger Ortiz was not privy to the conversation that took place between Hagen and Defendant.

Ranger Hagen testified that he is the district ranger for BLM, with an office in Cañon City, Colorado. He indicated that he travelled to the area southwest of Alamosa after having received information from Officer Rauch. Ranger Hagen testified that he introduced himself to Defendant and then asked if both could step over to his vehicle. Defendant accompanied him to that location.

Ranger Hagen testified that he then asked Defendant about the alleged incident with the hunter on BLM land. Ranger Hagen testified that he never advised Defendant of his *Miranda* rights nor believed that Defendant was under arrest. Defendant was cooperative and obtained a map at one point. The area pointed to by Defendant on the map, where the alleged incident took place, was located on BLM land.

Ranger Hagen testified that he was unaware of the identity of the anonymous person who telephoned the DOW office. He testified that he taped the conversation with Defendant, though not specifically advising Defendant that it was being taped. Ranger Hagen indicated that Defendant never asked him to leave his land and Defendant was extremely cooperative. Ranger Hagen testified that he wrote a violation notice to Defendant, charging him with a violation of 43 C.F.R. § 8372.0–7(a)(1).

## II.

Defendant's motion to suppress raises a number of issues. Each will be examined separately.

*Miranda Rights:* There is no question that Defendant was not advised of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). There is also no question that Defendant made statements to DOW Officer Rauch, Ranger Dailey, and Ranger Hagen that were incriminating.

■ The problem with Defendant's attack on this point is that it deals with the state of law that he would like to see, versus what the law presently is. The evidence substantiates that Defendant was never arrested and never placed into any custodial situation. *See United States v. Chalan,* 812 F.2d 1302, 1306 (10th Cir.1987), *cert. denied,* 488 U.S. 983, 109 S.Ct. 534, 102 L.Ed.2d 565 (1988). None of the officers who interviewed Defendant had a duty under the applicable caselaw to formally advise Defendant that he had a right not to say anything to them. *Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *Cordoba v. Hanrahan,* 910 F.2d 691 (10th Cir.1990).

■ Defendant certainly could have refused to talk with any of the officers. He did not do so, but chose to talk with them. The evidence reflects that Defendant's decision was one made voluntarily by him and one that was not coerced or forced in any fashion. There is simply no evidence of coercion by law enforcement officers. *cf. United States v. Perdue,* 8 F.3d 1455 (10th Cir.1993) (statements made by defendant after being ordered out of his vehicle and forced to the ground by officers with guns drawn were involuntary). Lack of formal advisement of rights does not provide any basis for suppression of the statements by Defendant under these circumstances.

■ *Trespass on Private Property:* Defendant has raised the issue of the entry onto his private land by the law enforcement officers. His argument is that this entry vitiated all statements made thereafter by law enforcement officers.

The United States Supreme Court has held that in an open field there is no expectation of privacy. *United States v. Dunn,* 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987); *Oliver v. United States,* 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). The public may view what is going on and government "may survey lands from the air." *Id.* at p. 179, 104 S.Ct. at 1741. In the present case, Defendant's camp could be seen from a public road. The camp consisted of tents and related items. The entry onto the property by law enforcement officers was in furtherance of their duties to determine if a violation of law had occurred. This entry

was not improper and did not cease to be improper after entry. *See, e.g. Michigan v. Tyler,* 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978).

 In addition, Defendant could have requested the departure of the law enforcement officers, but he did not. Defendant had invited at least one of the officers to drop by anytime. Defendant has provided no basis upon which his motion can be granted, based upon the warrantless entry onto his property. The motion to suppress cannot be granted on the basis of this argument.

*Unreliable Informant:* Defendant argues in his motion that there was no basis for believing that the anonymous tip contained valid information. Defendant is apparently arguing that the tip should have been ignored.

Defendant has provided no case law for support of this proposition, and the Court has found none. Officer Rauch, Ranger Ortiz, and Ranger Hagen were acting on uncorroborated information, but they indicated that they had a duty to investigate. This Court is aware of no basis that would have precluded further investigation. That investigation did take place and Defendant verified the details of what had occurred. No basis exists for suppression of any statements because of an anonymous tip.

*Conclusion:* Defendant has presented no basis that would allow suppression of statements made by him to DOW Officer Rauch, Ranger Dailey, Ranger Ortiz, or Ranger Hagen. There is no evidence of any coercion of any statements and no legal basis for suppression.[1]

IT IS HEREBY ORDERED that Defendant's motion for suppression of evidence and statements is denied.

---

1. Defendant raised an objection to the fact that Ranger Hagen tape recorded the conversation. No basis has been provided to show that this was improper or illegal under federal or Colorado law, as Ranger Hagen was a party to the conversation.