STATE OF MAINE
KENNEBEC, ss

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

MAY 29 2001

NANCY DESJARDIN
CLERK OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-00-20

STATE OF MAINE

v.

DAVID McLEAN,

Defendant

ORDER ON DEFENDANT'S
MOTION TO SUPPRESS

The defendant seeks to suppress statements made by him at the accident scene and at the hospital. The defendant alleges that the statements were in violation of his Miranda rights and that the statements were not voluntary. For the following reasons, the motion is granted in part and denied in part.

On 4/19/99, at 1:30 a.m., Officer Jonathan Mazero from the Hallowell Police Department proceeded to an accident scene on Route 201. One person was lying in the northbound lane, unconscious and seriously bleeding. The defendant was conscious and was lying approximately 15 feet from a motorcycle on its side. The officer asked about the defendant's injuries. The defendant had minor cuts on his face and said his shoulder may have been dislocated and his ribs hurt.

The officer was able to detect the odor of alcohol as he spoke to the defendant. The defendant's eyes were bloodshot and his speech was slurred. The officer determined that the defendant was under the influence and wanted him to answer questions. It was not the officer's intent to charge the defendant; the officer was still investigating the accident.

The officer asked what caused the accident, if the defendant was driving, and if he had been drinking. The defendant was coherent and able to converse with the

officer. The defendant said he had consumed alcohol during different parts of that evening. He said he was driving because the passenger was too small to operate the motorcycle. The officer told the defendant to remain where he was and not to move until the ambulance arrived; the officer did not want the defendant to aggravate his injuries. The officer did not recall the defendant trying to get up.

The defendant was not told he was under arrest or that he was not free to leave. He was not in handcuffs. The ambulance arrived and the defendant was taken to the hospital. No law enforcement officer accompanied the defendant in the ambulance.

The officer arrived at the hospital at 4:00 a.m. A blood test was taken from the defendant at 5:40 a.m. The officer obtained permission of the medical authorities to speak to the defendant and spoke to the defendant at 6:00 a.m. on the same day. The defendant was in the emergency room and hooked up to a monitor. The officer did not know if the defendant was taking medicine and did not ask any medical personnel whether the defendant was affected by any medicine.

The officer had no discussion with the defendant before reading the Miranda warnings to the defendant. The officer did not tell the defendant that the officer suspected that the defendant had committed a crime. The Miranda warnings were not read verbatim. The officer believed that after each Miranda statement, he asked if the defendant understood. The officer testified that he would not have proceeded unless the defendant understood and that if he did not understand, the officer would have explained.

2

The officer told the defendant to respond verbally. Sometimes the defendant verbally responded "yes" and sometimes he responded "uh-huh." The officer did not recall how the defendant answered each question. The officer did not recall the defendant's response to the fact that he had the right to have an attorney. The officer testified that it's a possibility that the defendant said no. The officer did not recall if the defendant said he wished to speak to an attorney; the officer did not recall exactly what the defendant said. No evidence was presented regarding whether the defendant was asked to and agreed to waive his rights and answer questions. It was clear from the officer's demeanor on the witness stand and from his admissions that he did not recall clearly his interaction with the defendant at the hospital.

After the warnings, the officer asked if the defendant was driving the motorcycle; the defendant said that he was. The officer asked if the defendant was drinking; the defendant said that he had been drinking. The defendant then said he wanted to speak to a lawyer. There was no further discussion after the defendant said he wanted to speak to a lawyer. The defendant was not in handcuffs and he was not told he was under arrest or that he was not free to go. According to the officer, during the conversation, the defendant was coherent and lucid. He appeared to understand the questions and responded appropriately.

This record does not reflect when the defendant was discharged from the hospital. The defendant was not arrested when he left the hospital. He turned himself in to the police on 8/9/99.

3

## ACCIDENT SCENE

### Voluntariness

The defendant's statements were voluntary. There is no evidence that his statements did not result from the free choice of a rational mind or that they were the product of coercive police conduct. See State v. McConkie, 2000 ME 158, ¶ 9, 755 A.2d 1075, 1078.

### Custody

No Miranda warnings were given to the defendant at the accident scene. A reasonable person in the defendant's position would not have believed he was in police custody and constrained to a degree associated with formal arrest. The defendant was not in custody at the accident scene. See State v. Holloway, 2000 ME 172, ¶ 18, 760 A.2d 223, 229; State v. Michaud, 1998 ME 251, ¶ 4, 724 A.2d 1222, 1226. See also Cordoba v. Hanrahan, 910 F.2d 691, 693-94 (10th Cir. 1990), abrogation recognized by United States v. Erving L., 147 F.3d 1240, 1246 (10th Cir. 1998) (officer arriving at automobile accident scene may ask questions in order to determine whether to issue a citation, to arrest, or to let the person involved leave); State v. Ferguson, 886 P.2d 1164, 1168-69 (Wash. Ct. App. 1995) (seriousness of potential traffic charge does not alter analysis under Terry regarding stop and inquiry).

## HOSPITAL

### Voluntariness

The officer clearly had difficulty recalling important parts of the interview at the hospital. That failure of recollection affects the assessment of all of his

4

testimony regarding that interview. Further, although the defendant was in the emergency room after a serious car accident and hooked up to a monitor, no inquiry was made regarding the defendant's status or treatment. The State has failed to prove beyond a reasonable doubt that the defendant's statements at the hospital were voluntary. See State v. Coombs, 1998 ME 1, ¶ 10, 704 A.2d 387, 390.

Custody

The officer initiated contact at the hospital; this was the second interview of the defendant. At the time of the interrogation at the hospital, the defendant had already told the officer that he had been drinking during the day; a blood alcohol test had been administered. By his own statements at the scene that he had been driving at the time of the accident, the defendant made himself the focus of the investigation. The officer began this second interview by giving the Miranda warnings. The warnings were given improperly and were not waived.

On this record, the State has not proved that a reasonable person in the defendant's position would not have believed that he was in police custody. See Michaud, 1998 ME 251, ¶ 4, 724 A.2d at 1226; see also United States v. Bautista, 145 F.3d 1140, 1148 (10th Cir. 1998) (officer's giving Miranda warnings to defendant is factor to be considered in determining custody).

The entry is

The Defendant's Motion to Suppress is DENIED regarding statements made by the Defendant at the accident scene.

The Defendant's Motion to Suppress is GRANTED

5

regarding statements made by the Defendant at the hospital.

Dated: May 28, 2001

Nancy Mills
Justice, Superior Court

CR-00-20

STATE OF MAINE
 vs
DAVID E MCLEAN
19 TYSON ST
AUGUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2000-00020

DOCKET RECORD

DOB: 06/26/1953
Attorney: DOUGLAS JENNINGS
         WITHDRAWN 01/08/2001
Attorney: RONALD BOURGET
         RETAINED 01/08/2001

State's Attorney: DAVID CROOK

Major Case Type: FELONY (CLASS A,B,C)

Filing Document: INDICTMENT
Filing Date: 01/27/2000

## Charge(s)

1   OPERATING UNDER THE INFLUENCE          04/19/1999 HALLOWELL
    29-A   2411(1)          Class C

2   OPERATING UNDER THE INFLUENCE          04/19/1999 HALLOWELL
    29-A   2411(1)          Class C

## Docket Events:

01/28/2000 FILING DOCUMENT - INDICTMENT FILED ON 01/27/2000

01/28/2000 HEARING - ARRAIGNMENT SCHEDULED FOR 02/02/2000 @ 8:30

01/28/2000 SUMMONS - SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 02/02/2000 @ 8:30

02/02/2000 HEARING - ARRAIGNMENT HELD ON 02/02/2000
           S KIRK STUDSTRUP , JUSTICE

           DA:  ALAN KELLEY          Reporter: PHILIP GALUCKI
           Defendant Present in Court
           READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN
           DEFENDANT.  21 DAYS TO FILE MOTIONS
                                          STEPHEN BOURGET, ESQ. STOOD IN FOR

           ARRAIGNMENT ONLY.
02/02/2000 Charge(s):  1,2
           PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 02/02/2000

02/02/2000 BAIL BOND - SET ENTERED BY COURT ON 02/02/2000

           BAIL TO REMAIN AS SET IN THE DISTRICT COURT
02/02/2000 TRANSFER - BAIL AND PLEADING TRANSFERRED ON 01/27/2000

02/02/2000 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 02/02/2000
           S KIRK STUDSTRUP , JUSTICE
           STEPHEN BOURGET, ESQ. COURT APPOINTED FOR ARRAIGNMENT ONLY.
02/11/2000 TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 02/10/2000

02/11/2000 BAIL BOND - SURETY BAIL BOND FILED ON 02/10/2000

Printed on:

05/30/2001

Bail Amt: $20,000
County: KENNEBEC
Date Bailed: 12/09/1999
Lien Issued: 12/09/1999
Lien Discharged:

Surety Type: REAL ESTATE
County Book ID: 6116 Book Page: 195
Prvdr Name: DAVID MCLEAN
Rtrn Name: DAVID MCLEAN

Surety Value: $0

## Conditions of Bail:

Refrain from possession or use of intoxicating liquor.

Submit to random search and testing for alcohol upon reasonable suspicion of use or possession.

12/27/2000 Charge(s): 1
FINDING - DIS BY DA/AG-INDICTMENT ENTERED ON 12/26/2000

COUNT 1 OF THE INDICTMENT.

01/09/2001 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 02/02/2000

COPY TO PARTIES/COUNSEL

01/09/2001 Charge(s): 1,2
TRIAL - JURY SCHEDULED FOR 01/08/2001

01/09/2001 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/08/2001

01/09/2001 MOTION - MOTION TO CONTINUE GRANTED ON 01/08/2001

COPY TO PARTIES/COUNSEL. CASE IS CONTINUED TO 1/16/01.

01/09/2001 TRIAL - JURY SCHEDULED FOR 01/16/2001 @ 9:00

01/09/2001 OTHER FILING - OTHER DOCUMENT FILED ON 01/08/2001

ENTRY OF APPEARANCE FILED BY ATTY. BOURGET.

01/09/2001 ATTORNEY - RETAINED ENTERED ON 01/08/2001

Attorney: RONALD BOURGET
ATTORNEY FOR PARTY 002 DEFENDANT

01/09/2001 ATTORNEY - WITHDRAWN ORDERED ON 01/08/2001

Attorney: DOUGLAS JENNINGS
ATTORNEY FOR PARTY 002 DEFENDANT

01/09/2001 Charge(s): 1,2
TRIAL - JURY CONTINUED ON 01/08/2001

01/17/2001 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/17/2001

01/24/2001 MOTION - MOTION TO CONTINUE GRANTED ON 01/22/2001
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL
TO 1/22/01

CASE CONTINUED

01/24/2001 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/23/2001

01/24/2001 MOTION - MOTION TO CONTINUE GRANTED ON 01/23/2001
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL

Printed on: 05/30/2001

02/08/2001 TRIAL - JURY NOT REACHED ON 01/30/2001

02/08/2001 TRIAL - JURY SCHEDULED FOR 03/07/2001

    NOTICE TO PARTIES/COUNSEL
03/01/2001 MOTION - OTHER MOTION FILED BY DEFENDANT ON 03/01/2001

    MOTION TO INSPECT RECORDS OF THE GRAND JURY OR IN THE ALTERNATIVE    TO DISMISS THE
    INDICTMENT
03/01/2001 MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 03/01/2001

    MOTION TO DISMISS COUNT 1 - MOTION TO STRIKE
03/15/2001 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 03/08/2001

03/15/2001 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 03/08/2001

    MOTION FOR SPECIFIC DISCOVERY.
05/11/2001 MOTION - MOTION FOR SANCTIONS FILED BY DEFENDANT ON 05/07/2001

05/11/2001 MOTION - MOTION FOR SANCTIONS DENIED ON 05/07/2001

    CASE CONTINUED TO JUNE, 2001
05/11/2001 MOTION - MOTION FOR DISCOVERY GRANTED ON 05/07/2001
    NANCY MILLS , JUSTICE
    COPY TO PARTIES/COUNSEL
                     ANY ADDITIONAL DISCOVERY WILL
    BE PROVIDED BY 5/11/01.
05/11/2001 MOTION - MOTION TO DISMISS GRANTED ON 05/07/2001
    NANCY MILLS , JUSTICE
    COPY TO PARTIES/COUNSEL                    STATE
    REPRESENTS COUNT 1 HAS BEEN OR WILL BE DISMISSED.
05/11/2001 MOTION - OTHER MOTION DENIED ON 05/07/2001
    NANCY MILLS , JUSTICE
    COPY TO PARTIES/COUNSEL
05/11/2001 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 05/07/2001

05/30/2001 MOTION - MOTION TO SUPPRESS DENIED ON 05/28/2001
    NANCY MILLS , JUSTICE
    COPY TO PARTIES/COUNSEL                    DENIED
    REGARDING STATEMENTS MADE BY THE DEFENDANT AT THE ACCIDENT SCENE.
05/30/2001 MOTION - MOTION TO SUPPRESS GRANTED ON 05/28/2001
    NANCY MILLS , JUSTICE
    COPY TO PARTIES/COUNSEL                    GRANTED
    REGARDING STATEMENTS MADE BY THE DEFENDANT AT THE HOSPITAL.

A TRUE COPY
ATTEST: _____
                Clerk